

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NOS. AP-75,920, AP-75,921, AP-75,922 & AP-75,923

### EX PARTE KELAN BOUGERE, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. W04-57034-R(A), W04-32975-R(A), W04-57168-R(A) &
### W04-57081-R(A)
### IN THE 265TH JUDICIAL DISTRICT COURT
### FROM DALLAS COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of four charges of aggravated robbery and sentenced to forty years' imprisonment.

Applicant contends that his counsel rendered ineffective assistance because he failed to timely file a notice of appeal or a motion to withdraw from the representation, and failed to advise Applicant of his right to appeal.

The trial court has determined that trial counsel failed to timely file a notice of appeal. We find, therefore, that Applicant is entitled to the opportunity to file out-of-time appeals of the judgments of conviction in Cause Nos. W04-57034-R(A), W04-32975-R(A), W04-57168-R(A) and W04-57081-R(A) from the 265th Judicial District Court of Dallas County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Delivered: May 21, 2008
Do Not Publish